**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

IBN OMAR-MUHAMMAD,

      Petitioner,

v.   No. CIV-97-1043 MV/RLP

JOE WILLIAMS, Warden,

      Respondent.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court on Petitioner's motion for relief from judgment under Fed. R. Civ. P. 60(b)(6) (Doc. 64) filed August 29, 2006. The motion seeks relief from the Court's order and judgment (Doc. 56, 57) of December 29, 2000, that dismissed Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 as untimely filed. Petitioner argues, correctly, that under *Gonzalez v. Crosby*, 545 U.S. 524, 125 S. Ct. 2641 (2005), this Court may consider the merits of his Rule 60(b) motion in the first instance without treating the motion as a second or successive petition. In *Gonzalez*, the Supreme Court held "that a Rule 60(b)(6) motion . . . that . . . challenges only the District Court's failure to reach the merits . . . can . . . be ruled upon by the District Court without precertification by the Court of Appeals." *Gonzalez*, 545 U.S. at ---, 125 S. Ct. at 2651. The motion need not be transferred but, under *Gonzales*'s substantive ruling, must be denied.

      In his Rule 60(b) motion, Petitioner contends that this Court's timeliness analysis in the dismissal order was erroneous. As Petitioner describes in the motion, when the New Mexico

Supreme Court denied his petition for writ of certiorari, only one day remained in the one-year limitation period for filing a § 2254 petition. Petitioner filed his § 2254 petition twelve days later, and the Court dismissed the petition as untimely. On appeal, the Court of Appeals for the Tenth Circuit denied a certificate of appealability and dismissed Petitioner's appeal. *See Omar-Muhammad v. Williams*, 17 F. App'x 898, 900 (10th Cir. 2001). As the Court of Appeals stated, "Petitioner [did] not present a debatable question . . . whether his petition was timely. . . . [or] 'whether the district court was correct in its procedural ruling.' " *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)).

Three years later, in *Serrano v. Williams*, 383 F.3d 1181 (10th Cir. 2004), the Tenth Circuit ruled that the limitation period for a § 2254 petition was tolled during the time that New Mexico procedural rules allow for filing a motion for rehearing of a denial of certiorari. *See Serrano*, 383 F.3d at 1187. Petitioner Muhammad now argues that the *Serrano* tolling analysis should apply retroactively to his § 2254 petition, and thus his petition was timely filed. He asks that the Court adjudicate his petition on the merits.

The Supreme Court in *Gonzales* resolved a similar claim. As here, the § 2254 petition in *Gonzales* had been dismissed as untimely, and the petitioner's appeal was dismissed. *See Gonzalez*, 545 U.S. at ---, 125 S. Ct. at 2645. After the appellate court's dismissal in *Gonzalez*, the Supreme Court in *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), announced a tolling rule that allowed the habeas petitioner (Bennett) more time to initiate his § 2254 proceeding. On the basis of the *Artuz* ruling, the *Gonzales* petitioner then sought relief in the district court under Rule 60(b) from the dismissal of his petition. *See Gonzalez*, 545 U.S. at ---, 125 S. Ct. at 2645. Ultimately, the Supreme Court in *Gonzales* ruled that the tolling decision in *Artuz*, announced after the petitioner's dismissal had been

upheld on appeal, was not "an 'extraordinary circumstance' justifying relief [under Rule 60(b)]." *See id.*, 545 U.S. at ---, 125 S. Ct. at 2651.  Under the *Gonzales* analysis of the relief available under Rule 60(b), the *Serrano* decision does not provide grounds for reconsideration of the order dismissing Petitioner's § 2254 petition.  The Court will deny the motion.

IT IS THEREFORE ORDERED that Petitioner's motion for relief from judgment under Fed. R. Civ. P. 60(b)(6) (Doc. 64) filed August 29, 2006, is DENIED.

_____
UNITED STATES DISTRICT JUDGE